IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESSICA BRUNO                                                                                    PLAINTIFF

v.                                           CIVIL NO. 20-2238

KILOLO KIJAKAZI,[1] Acting Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jessica Bruno, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g)*.*

Plaintiff protectively filed her current applications for DIB and SSI on December 4, 2017, alleging an inability to work since August 15, 2016, due to neuropathy in her feet and hands; fibromyalgia; carpal tunnel syndrome; hypothyroidism; a fatty liver; depression; severe anxiety; intermittent explosive disorder; attention deficit hyperactivity disorder; and oppositional defiant disorder. (Tr. 136, 305, 311). For DIB purposes, Plaintiff maintained insured status through September 30, 2017. (Tr. 30, 318). An administrative video hearing was held on September 16, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 51- 94).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated December 3, 2019, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 32). Specifically, the ALJ found Plaintiff had the following severe impairments: fibromyalgia; neuropathy; bilateral carpal tunnel syndrome (CTS); obesity; hypothyroidism; insomnia; a verbal learning disorder; major depression; anxiety; early onset cyclothymia; and unspecified impulse control disorder/intermittent explosive disorder (IED) with cluster B personality traits. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 33). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform work light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can frequently, but not constantly, handle and finger bilaterally. The claimant must avoid concentrated exposure to temperature extremes; humidity; fumes, odors, dusts, gases, and poor ventilation; and hazards. She can perform no driving as part of her job. The claimant can perform work where interpersonal contact is incidental to the work perform[ed]; the tasks are no more complex than those learned and performed by rote, with few variable[s] and little use of judgment; and the supervision required is simple, direct, and concrete.

(Tr. 35-36). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a production assembler, a mail clerk, and a routing clerk. (Tr. 43).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who, after reviewing additional evidence submitted by Plaintiff, denied that request on November 4, 2020. (Tr. 1-4). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 17, 18).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following points on appeal: 1) the RFC is inconsistent with the evidence; and 2) substantial evidence does not support the ALJ's Step Five finding. (ECF No. 17). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 18). The Court has reviewed the entire transcript and the parties' briefs.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's examining physicians placed no restrictions on her activities that would preclude performing the RFC determined during the relevant time period. *See Hutton v. Apfel,* 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates

3

against a finding of total disability). During the time period in question, the record revealed Plaintiff was able to be the caretaker for her minor child; to take care of her pets; to take care of her personal needs; to prepare simple meals; to do light household chores; to manage basic household financial matters; to drive (including a move to Montana for a period of time); to shop in stores; and to watch television and play games on her phone. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012)(burden of persuasion to demonstrate RFC and prove disability remains on claimant).

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a production assembler, a mail clerk, and a routing clerk. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 1st day of March 2022.

/s/   *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE